EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 490-2011-00816 |

Tennessee Human Rights Commission                                                       and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Willie A. Reese | (901) 937-7443  (901) 283-6868 | -1946 |

| Street Address | City, State and ZIP Code |
|---|---|
| 9375 Club Walk Court, | Lakeland, TN 38002 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SEARS | 500 or More | (901) 937-7443 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2800 N. Germantown Parkway, | Memphis, TN 38133 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN | Earliest: 01-06-2011   Latest: 01-06-2011 |
| ☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

About October 2002, I was hired with the above employer as a Consultive Sales in Brand Central Department.

On January 6, 2011, I was terminated from my position of Consultive Sales for alleged tardy. I was not given the option to work tardy points off. It is my belief that the termination was harsh.

I believe I have been discriminated against because of my age (64) and religion (Jewish) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act (ADEA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.  I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
|  | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  /s/ Willie A. Reese  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  *(month, day, year)*  1/13/11 |
| Jan 13, 2011 — Date  Charging Party Signature | 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 |

*RECEIVED JAN 13 2011 — EQUAL EMPLOYMENT OPPORTUNITY COMM. MEMPHIS, TENN.*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 490-2011-00816 |

**Tennessee Human Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Willie A. Reese | (901) 383-6868 | -1946 |

Street Address: 9375 Club Walk Court, Lakeland, TN 38002

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SEARS CORDOVA MEMPHIS GERMANTW01146 | 500 or More | (901) 937-7443 |

Street Address: 2800 N Germantown Rd, Fls- Cordova Memphis Germ, Memphis, TN 38133

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-06-2011    Latest: 01-06-2011
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Original Charge Filed on January 13, 2011**
About October 2002, I was hired with the above employer as a Consultive Sales in Brand Central Department.

On January 6, 2011, I was terminated from my position of Consultive Sales for alleged tardy. I was not given the option to work tardy points off. It is my belief that the termination was harsh.

I believe I have been discriminated against because of my age (64) and religion (Jewish) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act (ADEA).

**AMENDED CHARGE**
I also learned that a Black male employee (Greg Franklin) was treated more favorably than me regarding attendance and offered his job back. In addition, I believe I was terminated because of my race (White) and in retaliation against because of my religious accommodation request in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4/7/11
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

APR 07 2011
MEMPHIS, TENN.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Willie A. Reese
     9375 Club Walk Court
     Lakeland, TN 38002

From: Memphis District Office
      1407 Union Avenue
      Suite 901
      Memphis, TN 38104

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 490-2011-00816 | G. Allen Hammond, Senior Investigator | (901) 544-0149 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Katharine W. Kores,
Director

SEP 27 2011
*(Date Mailed)*

Enclosures(s)

cc:  Ms. Sarah Levee
     Fair Employment Consultant
     Sears Holdings Management Corp.
     3333 Beverly Road, A3-103B
     Hoffman Estates, IL  60179

Dec 27

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

10. The Circumstances

   1. Employed since Oct of 2002

   2. Ask for accommodation for shabbat and Jewish holidays

   3. This was not tendered by my immediate boss, David Churchfield b/m/55ish.

   4. Went "over his head" to obtain this accommodation which lasted until termination.

   5. The year 2010 was difficult year with two family health crises, one in July when my wife was in Israel and one in October when we almost lost my wife. This last event was catastrophic and extended past January with me again as caretaker as in July with daughter + grandson

   6. 2010 was also the first full year of a new "Attendance plan" that was based on a point system.

   7. The attendance was the alleged reason for termination

   8. This was the harshest of possible

8. (con't) Actions.

9. Plaintiff was also wearing a yarmulki from the time of his wife's recovery.

10. Another employee, Gary Franklin, B/M/45ish was terminated for 'Ethics Violations' (Integrity) and was subsequently asked to return by David Crutchfield saying, "we would like to have you back."

990-2011-06816

11142

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

RECEIVED JAN 3 2011

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

1. **Personal Information**

Last Name: REESE   First Name: Willie   MI: A.
Street or Mailing Address: 9375 Club Walk Ct.   Apt or Unit #: _____
City: Lakeland   County: Shelby   State: TN   Zip: 38002
Phone Numbers: Home: (901) 937-7443   Work: (___) _____ [unemployed]
Cell: (___) _____   Email Address: asher_reese@yahoo.com
Date of Birth: 2/1/1946   Sex: ☒ Male ☐ Female   Do You Have a Disability? ☐ Yes ☒ No
Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☒ No
ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☒ White
☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? USA

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: Maggie Reese   Relationship: Daughter
Address: _____   City: _____   State: _____   Zip Code: _____
Home Phone: (901) 335-4465   Other Phone: (___) _____

2. I believe that I was discriminated against by the following organization(s): (Check those that apply)
☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) _____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**
Organization Name: Sears
Address: 2800 N. Germantown Pkwy   County: Shelby
City: Memphis   State: TN   Zip: 38133   Phone: (901) 937-7443
Type of Business: Dept. Store   Job Location if different from Org. Address: _____
Human Resources Director or Owner Name: Rob   Phone: (901) 937-7443
Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☒ More than 500

3. **Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No
Date Hired: 10/2002   Job Title At Hire: Consultive Sales
Pay Rate When Hired: Commissioned Sales   Last or Current Pay Rate: 26K/yr
Job Title at Time of Alleged Discrimination: Consultive Sales   Date Quit/Discharged: 1/6/11
Name and Title of Immediate Supervisor: David Crutchfield
If Job Applicant, Date You Applied for Job _____   Job Title Applied For _____

1

4. **What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race ☐ Sex ☒ Age ☐ Disability ☐ National Origin ☒ Religion ☐ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: __Jewish__

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain): _____

5. **What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)

A. Date: __1/6/11__   Action: __Termination__

Name and Title of Person(s) Responsible: __1) Ron — General Mgr.__
B. Date: _____   Action: __2) David Crutchfield, B.C. Mgr.__

Name and Title of Person(s) Responsible _____

6. **Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
1) This was the harshest of Actions
2) Suspension or Final Warning not utilized "can't"

7. **What reason(s) were given to you for the acts you consider discriminatory?** By whom? His or Her Job Title?
Excessive Tardies by Ron & David – Mgr & B.C. Mgr

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?
  Full Name       Race, Sex, Age, National Origin, Religion or Disability   Job Title        Description of Treatment

A. _____

B. _____

2

#6 can't

Att. 4
3/5

3) Final warning from "New" Manager

4) Policy for the last 1½ yrs was
   2 points for absence
   1 point for tardy - after 6 minutes grace
   with possibility of 'erasing' points by working on days off.

   No chance was given for erasing points even though I had asked numerous times & changed my availability on Mondays to available so as to work off 6 points. This was never utilized.

5) My family went through two major medical events that were sudden.
   a) July, my daughter admitted to hospital. My wife was out of country at time so the weight of this fell on me.
   b) In October my wife had a catastrophic condition suddenly that resulted in 12 days ICU; 24 days hospitalization; about 50 days of Home Care where I was chief caregiver.

   These two events resulted in most of the tardies but they still were being considered in the termination

6) No consideration given in extra tasks that affected

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|

A. McNutt Supervisor — That I personally asked him for an accomodation + he directed me to ___

B. David Scotfield - BC Mgr. - That he was directing to give me the form that began the process of obtaining an accomodation.

14. Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: _____

16. Have you sought help about this situation from a union, an attorney, or any other source?  ☐ Yes  ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1  ☒ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2  ☐ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Willie Reed_  
Signature

1/13/10  
Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

# TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT
## EMPLOYMENT SECURITY DIVISION
## DECISION OF APPEALS TRIBUNAL

### AVISO IMPORTANTE

DATE OF MAILING: 03/23/2011

DOCKET # 11-04694AA
OFFICE # 103
BYE 01/07/2012

CLAIMANT
WILLIE A. REESE
9375 CLUB WALK CT.
LAKELAND TN 38002 0000

EMPLOYER
SEARS ROEBUCK & CO
%TALX UC EXPRESS
PO BOX 283
SAINT LOUIS MO 63166-0283

SSN XXX-XX-3049
901-383-6868

ER # 0710017
800-366-6660

On January 12, 2011, the claimant filed an initial claim for unemployment benefits. On February 1, 2011, the Agency found that the claimant was discharged under disqualifying conditions. In accordance with TCA § 50-7-303(a)(2), the claimant was disqualified from receiving benefits until she/he has earned ten times the weekly benefit amount in covered employment. On February 8, 2011, the claimant filed an appeal from the decision of the Agency to the Appeals Tribunal. After due notice to all interested parties, a telephone hearing was scheduled on this case, on Tuesday, March 22, 2011, at which time the claimant appeared. Reba Henry, Human Resource Lead, represented the employer. David Crutchfield, Area Branch Central Manager, testified.

After carefully considering the testimony and the entire record in the case, the Appeals Tribunal makes the following:

FINDINGS OF FACT: The claimant's most recent employment prior to filing this claim was with Sears Roebuck & Company as a commissioned sales associate from October 17, 2002 until January 6, 2011. According to the employer's policy, employees are discharged after accumulating eighteen attendance points. Prior to separation, the employee is issued warnings for attendance violations. The employer will excuse absences issues for Family Medical Leave and bereavement. The claimant understood the policies.

On April 27, 2010, the claimant received a verbal warning for four points. When the claimant received the warning, he informed the witness that the issuance of the warning was not justified. The claimant told the witness that he received points because the manager failed to open the store on time. The witness replied that he would handle the situation. On July 13, 2010, the claimant received a written warning after ten points. The claimant informed the employer that the points were not his fault because the manager did not open the store on time. Also, the claimant reminded the witness about his daughter's attempted suicide. The witness told the claimant that he would take care of the situation. Also, he informed the claimant that he "should do what is best for [him]". On August 20, 2010, the claimant received a second written warning. The claimant informed the employer's witness about the manager again not opening the store on time. Sometime after the claimant after the issuance of the warning, the claimant's wife became ill. The claimant reported to work late because he was taking care of her. The claimant explained his situation to the witness. The witness was sympathetic with the claimant and understood because he was a caregiver as

LB-0952

well. Although the manager made those comments, the employer continued to issue the claimant attendance points. On January 6, 2011, the employer informed the claimant that he was discharged because he had accumulated thirty points. The claimant informed the employer that the majority of the points were issued unfairly. The claimant reminded the employer about the store manager not opening the door on time and about his family situation. Though the claimant made these arguments, the employer still discharged the claimant.

**CONCLUSIONS OF LAW:** The Appeals Tribunal finds that the claimant is eligible for unemployment benefits. The issue is whether the claimant was discharged for misconduct connected to the work under TCA 50-7-303(a)(2). The Appeals Tribunal finds that the evidence is not sufficient to establish that the claimant engaged in work related misconduct as defined by the statute because the employer failed to show intentional misconduct. The claimant violated employer's attendance policy in part due to the actions of the manager and his family situation. Since the employer did not show that the claimant intentionally missed scheduled shifts, the claimant is eligible for benefits.

**DECISION:** The Agency Decision is reversed. The claimant is eligible for unemployment benefits.

ED :mwh                                                       /s/ Eric Davis
                                                              Unemployment Appeals Hearing Officer

Pursuant to the provisions of TCA § 50-7-304(c), this decision will become final on 04/07/2011 unless any interested party makes a written appeal to the Board of Review, Tenn. Dept of Labor and Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002 (Fax (615) 741-0290).
If the last day for filing falls on a weekend or holiday, the deadline extends to the next business day.
Please include the claimant's Social Security number on all correspondence.

**Claimant is responsible for certifying his/her eligibility on a weekly basis as long as he/she is unemployed.**

**Este es un aviso importante relacionado con sus beneficios de desempleo.**

LB-0952

## Attachment 6

(i) that this court find that the Defendant/s have engaged in unlawful employment practices with respect to Plaintiff;

(ii) that this Court enjoin the Defendant/s from engaging in those unlawful employment practices with respect to Plaintiff or to others;

(iii) that this Court order Company-wide sensitivity training to all employees with regard to religious freedom in the workplace;

(iv) that this Court order Defendant to pay to Plaintiff all wages and benefits lost, including interest thereon, because of the Defendant/s's unlawful employment practices;

(v) that this Court order the Defendant/s to pay the Plaintiff punitive damages in an amount which takes into consideration the offensiveness of the Defendant/s's conduct, the amount necessary to prevent the Defendant/s's repetition of the wrongful conduct involved in this action, in light of its financial condition, and the relationship between the amount of such damage and the actual compensatory damages suffered by the Plaintiff in this case;

(vi) that the Court order the Defendant/s to pay to the Plaintiff his reasonable attorney's fees and other legal fees in this action;

(vii) that the Court order Defendant/s to pay all of the cost of this action; and........